# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CITIZENS BANK, N.A., | : |
| Plaintiff, | : |
| vs. | : C.A. No.: 1:18-cv-00003 |
| REGENT INSURANCE COMPANY, | : |
| Defendant. | : |

## COMPLAINT

Plaintiff Citizens Bank, N.A. ("Citizens Bank"), as and for its Complaint against Regent Insurance Company ("Regent"), alleges as follows:

## PARTIES AND JURISDICTION

1.  Citizens Bank is a national banking association that is headquartered in Providence, Rhode Island. Citizens Bank was formerly known as "RBS Citizens, N.A." ("RBS"). Citizens Automobile Finance, Inc. ("Citizens Auto") merged into RBS in July of 2012 (collectively with Citizens Bank and RBS, "Citizens").

2.  Regent is an insurer organized and existing pursuant to the laws of the State of Wisconsin and is licensed to transact insurance business in the State of Rhode Island.

3.  This Court has jurisdiction based on 28 U.S.C. § 1332, in that the parties are of diverse citizenship and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4.  This Court also has jurisdiction based on 28 U.S.C. § 1331, in that this case arises under federal law.

## FACTUAL ALLEGATIONS

5. Sud's Motor Car Co., Inc. ("Sud's") is an automobile dealer that sold motor vehicles at retail prices to customers.

6. In 2004, Sud's entered into a Retail Finance Dealer Agreement ("RFDA") with Citizens Auto. In 2012, Sud's entered into a materially identical Dealer Agreement with RBS (collectively with the RFDA, the "Agreements").

7. The Agreements permitted Sud's to offer to sell to Citizens retail installment contracts secured by the vehicles that Sud's sold to its retail customers. Stated otherwise, the Agreements authorized Sud's to make auto loans on Citizens' behalf.

8. Under the relationship established by the Agreements, Sud's interacted with and made sales to its customers. Citizens, however, did not directly deal with Sud's customers. Instead, Citizens merely held the promissory notes for the auto loans.

9. In 2012, Sud's sold a vehicle to Louis Wexberg. In connection with this sale, Mr. Wexberg and Sud's entered into an installment agreement, which Sud's subsequently sold to Citizens pursuant to the terms of the Agreements.

10. Mr. Wexberg, however, was not happy with this sale, allegedly because Sud's failed to provide him with title to the vehicle, such that he was unable to register it in the State of Missouri.

11. As a result, on or about February 19, 2015, Mr. Wexberg brought suit in the Circuit Court of the City of St. Louis, Missouri against Sud's, Citizens Auto, and RBS (the "Missouri Lawsuit").

12. In the Missouri Lawsuit, Mr. Wexberg alleges that Sud's' sale of the vehicle to him is void because Sud's did not provide him with a proper certificate of title in violation of

Missouri law.  Mr. Wexberg brings a single claim against Sud's, Citizens Auto, and RBS, for violation of the Missouri Merchandising Practices Act ("MMPA").  Mr. Wexberg alleges that RBS and Citizens Auto are liable for violation of that MMPA because they "are the assignees of the [installment contract between Mr. Wexberg and Sud's], and therefore are subject to all claims and defenses that could have been asserted against Suds."

13.     At the time of Sud's alleged misconduct, Sud's and Citizens were covered by an insurance policy issued by Defendant, policy number CGP0421163 (the "Policy").

14.     Citizens is an Insured under the Policy, *inter alia*, pursuant to an endorsement entitled "Illinois Changes – Garage Coverage Form."  This endorsement changes the definition of an "Insured" under the Policy to include Sud's, as well as "[a]nyone liable for the conduct of an 'Insured.'"

15.     Sud's tendered defense and indemnification of the Missouri Lawsuit to Defendant.  Defendant accepted the tender and retained counsel for Sud's in connection with the Missouri Lawsuit.

16.     Citizens requested defense and indemnification from Sud's in connection with the Missouri Lawsuit.

17.     Defendant agreed to defend and indemnify Citizens under the Policy on or about June 25, 2015.  The attorney retained by Defendant to represent Sud's advised Citizens that he had the "authority to assume the defense and indemnity of the bank."  Thereafter, counsel retained by Defendant represented Sud's and Citizens in the Missouri Lawsuit.

18.     Subsequently, Citizens and Sud's determined that both parties required separate counsel due to a conflict of interest.  At that point in time, Defendant retained separate defense counsel to represent Citizens in the Missouri Lawsuit.

19. At all times, Defendant has defended Citizens in the Missouri Lawsuit.

20. On November 29, 2017, Citizens learned that Defendant agreed to pay the Policy limits in settlement of Mr. Wexberg's claims against Sud's in the Missouri Lawsuit, in exchange for Mr. Wexberg's dismissal of his claims against Sud's.

21. Despite the fact that Defendant owes Citizens a duty to defend and indemnify, Defendant exhausted the Policy limits without settling Mr. Wexberg's claim against Citizens in the Missouri Lawsuit, which remains pending as against Citizens.

22. Citizens confronted Defendant with respect to its failure to settle Mr. Wexberg's claims against Citizens, at which point Defendant claimed for the first time that Citizens was not entitled to defense and indemnity under the Policy, because Citizens was not an Insured as defined by the Policy.

23. Stated otherwise, although Citizens and Sud's both were Insureds under the Policy, Defendant expended the Policy limits to settle the claims against only Sud's in the Missouri Lawsuit, and almost immediately attempted to disclaim coverage of the other Insured, Citizens.

**COUNT I – DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. §§ 2201, *et seq*.**

24. Citizens incorporates by reference the allegations set forth in Paragraphs 1 through 23 as though fully set forth herein.

25. An actual controversy exists between Citizens and Defendant concerning whether Citizens is an Insured under the Policy and whether Defendant has a duty to defend and indemnify Citizens with respect to the Missouri Lawsuit.

26. Accordingly, pursuant to 28 U.S.C. § 2201(a), Citizens seeks a judicial declaration that Citizens is an Insured under the Policy and that Defendant has a duty to defend and indemnify Citizens with respect to the Missouri Lawsuit.

### COUNT II – VIOLATION OF R.I. GEN. LAWS § 9-1-33 (BAD FAITH)

27. Citizens incorporates by reference the allegations set forth in Paragraphs 1 through 26 as though fully set forth herein.

28. By failing to recognize its obligation to defend and indemnify Citizens under the Policy, by informing Citizens that it was entitled to defense and indemnity and then reneging on that statement, and/or by exhausting the Policy limits in settlement of Mr. Wexberg's claims against Sud's only, Defendant wrongfully and in bad faith refused to pay or settle a claim pursuant to the provisions of the Policy, or otherwise wrongfully and in bad faith refused to timely perform its obligations under the Policy.

29. As a result of Defendant's wrongful and bad faith conduct, Citizens has been damaged in an amount to be determined at trial.

30. Pursuant to R.I. Gen. Laws § 9-1-33, Citizens also is entitled to punitive damages and reasonable attorneys' fees as a result of Defendant's wrongful and bad faith conduct.

### COUNT III – PROMISSORY ESTOPPEL

31. Citizens incorporates by reference the allegations set forth in Paragraphs 1 through 30 as though fully set forth herein.

32. Defendant clearly and unambiguously promised to defend and indemnify Citizens with respect to the Missouri Lawsuit.

33. Citizens reasonably and justifiably relied on Defendant's promise to defend and indemnify Citizens with respect to the Missouri Lawsuit, to its detriment.

34. Accordingly, Defendant is estopped from refusing to defend and indemnify Citizens with respect to the Missouri Lawsuit.

35. As a result of Citizens' detrimental reliance on Defendant's promise to defend and indemnify Citizens, Citizens has been damaged in an amount to be determined at trial.

WHEREFORE, Citizens requests that this Court:

1. Enter judgment in favor of Citizens and against Defendant on all Counts;

2. Issue a declaratory judgment that Citizens is an Insured under the Policy and that Defendant has a duty to defend and indemnify Citizens;

3. Award Citizens its damages, including, but not limited to, compensatory, consequential, and incidental damages in an amount to be proven at trial, plus interest thereon at the legal rate until paid in full;

4. Award Citizens punitive damages and reasonable attorneys' fees for Defendant's violation of R.I. Gen. Laws § 9-1-33;

5. Award Citizens its costs; and

6. Grant such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Citizens demands a trial by jury on all issues so triable.

Dated: January 2, 2018

                                        Plaintiff,
                                        CITIZENS BANK, N.A.,
                                        By its Attorneys,

                                        /s/ Geoffrey W. Millsom
                                        Geoffrey W. Millsom (#6483)
                                        Brenna Anatone Force (#8555)
                                        ADLER POLLOCK & SHEEHAN P.C.
                                        One Citizens Plaza, 8th Floor
                                        Providence, RI  02903-2443
                                        Tel: (401) 274-7200
                                        Fax: (401) 351-4607
                                        gmillsom@apslaw.com